FRITZ v. BURRISS.

1. EVIDENCE—MEMORANDA—APPEAL RECORD.—The trial judge correctly ruled that a witness may refresh his memory from any memoranda that he made, or that he saw made, or knew to be correct; otherwise, he cannot. Whether this rule was properly applied in ruling out an answer to an interrogatory in this case cannot be determined where the "Case" fails to state what the answer was.

Before NORTON, J., Greenville, August, 1893.

This was an action by Horace H. Fritz, as assignee, against W. W. Burriss.

*Mr. J. C. Jefferies,* for appellant.

*Messrs. Haynsworth & Parker,* contra.

March 26, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action on an account against the defendant, tried before his honor, Judge Norton, and a jury, July 24, 1893. The complaint alleged an indebtedness of $364.76, due to plaintiff as assignee of Joseph H. Coates & Co. The account itemized is in the record. The answer was a general denial.

It appeared that Joseph H. Coates & Co. were in the cotton business in the city of Savannah, at the time the account was contracted; that they failed, and made an assignment for the benefit of their creditors to the plaintiff, Horace H. Fritz, which assignment included the claim on account now in question, and he brought this action to recover it. In the course of the trial the plaintiff opened a commission which had been issued to examine, among other witnesses, R. W. Gamble, who represented Joseph H. Coates & Co., doing the business in their name under power of attorney. When the reading of the in-

terrogatories and answers of the said Gamble had reached the seventh interrogatory, Mr. Haynsworth objected thereto, and to the answer, on the grounds that witness got his information from "the books kept by Charles E. Williams, and does not state that he had independent knowledge of them at the time, and that he could not state of his own knowledge."

"*The Court:* The rule is, that a witness may refresh his memory from any memorandum that he made, or that he saw made, or knew to be correct; but unless it is a writing of that kind, I don't think he can use it, and I don't think the testimony here comes up to the requirements. (Plaintiff excepts.)

"*Mr. Jefferies:* Will your honor allow such portions of that question to remain that goes to show the indebtedness?

"*The Court:* The testimony objected to was the statement of the witness that the defendant here was indebted to the assignees to a certain amount. The knowledge of that indebtedness arose, as the evidence of a witness was derived, from the books. The books were not produced in evidence, and it was not shown that the person who gave the information did not keep the books, but, on the contrary, one Williams kept the books, and it is not shown that he had a knowledge of the entries when they were made, and that they were made, and upon that statement by Mr. Haynsworth, I ruled that he could not testify as to his sources of information.

"*Mr. Jefferies:* Does that shut me out from bringing out from him what he knows in his own mind, independent of the books?

"*The Court:* No, sir, I think not. It seems to me that it is about as responsive an answer as you can get, even if you had the witness on the stand. The testimony in response to the cross-interrogatory may be admitted. The answer to the seventh interrogatory was not admitted, on the ground that the witness' knowledge of the facts to which he testified was derived from the books," &c.

The trial proceeded. The defendant waived proof of partnership of Joseph H. Coates & Co., and proof of the execution of the assignment, and admitted that R. W. Gamble was general agent of Joseph H. Coates & Co. The defendant offered evidence denying the truth of the testimony contained in the

depositions of R. W. Gamble and Charles E. Williams. Under the charge of his honor, the jury rendered a verdict for the defendant, from which the plaintiff appeals to this court upon the following grounds: I. That his honor erred in holding that a witness could only testify from a memoranda that "he made or knew to be correct, but unless it is a writing of that kind, he cannot use it." II. That his honor erred in. holding that the testimony of the witness, R. W. Gamble, was not from his own knowledge, after having refreshed his memory from the books, &c.

There is but one single question in the case, and that is, whether his honor, the presiding judge, committed error of law in refusing to admit as evidence a part of the testimony of the witness, R. W. Gamble, upon the grounds, "that the witness got his information from the business books of the late firm of Joseph H. Coates & Co., kept by C. L. Williams in Savannah, and does not state he had independent knowledge of them at the time, and that he could not state of his own knowledge." The judge held that the witness could testify as to all matters that he knew of his own knowledge. He admitted his answers to the cross-interrogatory, and all the testimony of C. E. Williams, who had been the book-keeper of the late firm, and knew of his own knowledge all matters contained in the account. But as to part of the answers of the witness, R. W. Gamble, to the seventh direct interrogatory, he held as follows: "The rule is, that a witness may refresh his memory from any memorandum that he made, or that he saw made, or knew to be correct; but unless it is a writing of that kind, I do not think he can use it, and I don't think the testimony here comes up to the requirements." (Exception taken.) Was this error? The witness Gamble was examined by commission. The questions and his answers were all in writing, and before the Judge, and, therefore, he had the opportunity of knowing their character, and determining whether they were within the rule, or not. But we have not. The seventh interrogatory was printed, but *the answer* to it, which was excluded, is not in the record, and all this Court can do, is to

determine whether the rule of law upon the subject, as laid down by the judge, was or was not correct.

As we understand it, the object of testimony is to ascertain the facts; and the rule of primary importance upon that subject is, that a witness shall state only facts within his own knowledge, and not "hearsay." He may, however, be allowed, under certain circumstances, to refer to a written memorandum or book; not to make the paper referred to evidence in itself, but simply to refresh the memory of the witness, the testimony which he may be able to give, being still his own. It seems to us, therefore, that the rule as to refreshing the memory, must rest largely on the known correctness of the paper or books referred to; otherwise, the testimony would not be that of the witness, but of "the books" referred to, which may be unreliable, and mislead the witness. Upon this point it seems that all the authorities agree. It is said in article 136 of the "Digest of the Law of Evidence," by Mr. Justice Stephens, said to be the best extant, and reproduced in 7 Am. & Eng. Enc. Law, page 111: "that a witness may, while under examination, refresh his memory by referring to any writing made by himself at the time of the transaction, concerning which he is questioned, or so soon afterwards that the judge considers it likely that the transaction was at the time fresh in his memory. The witness may also refer to any such writing made by any other person and read by the witness within the time aforesaid, if, when he read it, he knew it to be correct," &c. See, also, the latter part of section 436, Greenleaf on Evidence: "But where the witness neither recollects the fact, nor remembers to have recognized the written statement as true, and the writing was not made by him, his testimony, so far as it is founded upon the written paper, is but hearsay; and a witness can no more be permitted to give evidence of his inference, from what a third party has written, than from what a third party has said," &c.

The account as such was not offered in evidence, the witness did not make the entries himself, nor see them made by the book-keeper, Williams, nor assured himself of their correctness, when they were fresh in his memory. It seems to us difficult

to assume, that the rule was ever intended to furnish a new mode of proving the multitude of facts—accounts, dates, figures, and all the details of a large commercial business. We can not say that the ruling of the judge was erroneous, or that there is any thing inconsistent with it in the cases of *Berry* v. *Jourdon*, 11 Rich., 78, and *Bank* v. *Zorn*, 14 S. C., 444, cited and relied upon by the appellant.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.